LISA M. HENDERSON, *admitted pro hac vice*
lisa.henderson@clydeco.us
VEENA A. MITCHELL, State Bar No. 161153
veena.mitchell@clydeco.us
KIRSTEN SOTO, State Bar No. 332821
kirsten.soto@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:  (213) 358-7600
Facsimile:   (213) 358-7650

Attorneys for Defendant
JAMES RIVER INSURANCE COMPANY

And

IGOR FRADKIN, State Bar No. 299491
*Igor@downtownlalaw.com*
DOWNTOWN L.A. LAW GROUP
910 S, Broadway
Los Angeles, CA 90015
Tel.: (213) 389-3765
Fax: (877) 389-2775

Attorney for Plaintiff
ANDREA HOWELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY; DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.  2:23-cv-08122-JLS-JC<br><br>[Removed from State Court Case No. 23STCV18616, Los Angeles County, filed August 8, 2023]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY THE COURT TO PARAGRAPHS 4, 8.2.8, 9.3, AND 10.3]** |

## 1. PURPOSES AND LIMITATIONS

IT IS HEREBY STIPULATED by Plaintiff Andrea Howell ("Plaintiff") and Defendant James River Insurance Company ("Defendant") (collectively, "the Parties," and individually, a "Party") by and through their respective counsel of record, that to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties agree to enter into this Stipulated Protective Order.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets; customer lists and other valuable research; development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information; information regarding confidential business practices; or other confidential research, development, or commercial information

(including information implicating privacy rights of third parties); information otherwise generally unavailable to the public; or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3. DEFINITIONS

3.1.<u>Action</u>: The above-titled proceeding, *Andrea Howell v. James River Ins. Co., et al.*, Case No. 2:23-cv-08122-JLS-JC.

3.2. <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3. <u>Confidential</u>: Any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

3.4. <u>Confidential Material</u>: Information, Testimony, or tangible things, regardless of how it is generated, stored, or maintained, that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.5. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6. <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.7. <u>Document</u>: Any documents or electronically stored information, as defined by Federal Rule of Civil Procedure 34, including and any copies, reproductions, or summaries of all or any part of the foregoing.

3.8. <u>Disclose or Disclosed or Disclosure</u>: To reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

3.9. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.10. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.11. <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.12. <u>Information</u>: The content of Documents or Testimony.

3.13. <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.14. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.15. <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.16. <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.17. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.18. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.19. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.20. <u>Testimony</u>: All depositions, declarations, or other testimony taken or used in this Action.

## 4. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Stipulated Protective Order does not govern the use of Protected Material during a court hearing or at trial.

## 5. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition

shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATION PROTECTED MATERIAL

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of Confidential Material that qualify so that other portions of the Documents, Testimony, or Information for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6.2. <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2.1.), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" designation.

Designation in conformity with this Stipulated Protective Order requires the following:

> 6.2.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Nonparty that designates information or items for protection under this Stipulated For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).
>
> 6.2.2. A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL."
>
> 6.2.3. After the inspecting Party has identified the Documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

6.2.4. For Testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony; or that the Designating Party designate the entirety of the Testimony as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within (thirty) 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL," as instructed by the Designating Party.

6.2.5. For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3. <u>Inadvertent Failure to Designate</u>.

The inadvertent production by any of the Parties or Nonparties of any Document, Testimony, or Information without a "CONFIDENTIAL" designation, or that is otherwise privileged (including but not limited to attorney-client privilege and work product doctrine), shall be without prejudice to any claim that such item is "CONFIDENTIAL" or privileged and such Party shall not be held to have waived any rights by such inadvertent production.

If any Document, Testimony, or Information that is subject to a "CONFIDENTIAL" designation or is privileged is inadvertently produced without such designation, the Party that inadvertently produced the Document, Testimony, or Information shall give written notice of such inadvertent production within thirty (30) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" Document, Testimony, or Information. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. If this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.  <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.  <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 *et seq*.

7.3.  <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIALS

8.1.  <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Documents, Testimony, or Information</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

8.2.1. The Parties;

8.2.2. The Court;

8.2.3. Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

8.2.4. In-house counsel to the Parties and the paralegal, clerical, and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

8.2.5. Those officers, directors, partners, members, employees, insurers, and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the

signature of such person on a statement in the form attached hereto as <u>Exhibit A</u>;

8.2.6. Court reporters in this Action (whether at depositions, hearings, or any other proceeding);

8.2.7. Any deposition, trial, or hearing witness in the Action who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

8.2.8. Any deposition witness in the Action who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

8.2.9. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as <u>Exhibit A</u>;

8.2.10. Outside experts or expert consultants consulted by the Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the

Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as <u>Exhibit A</u>. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    8.2.11. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    8.2.12. Any other person that the Designating Party agrees to in writing.

## 9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

  9.1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  9.2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  9.3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. Notification

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

10.2.1. Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty.

10.2.2. Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10.2.3. Make the information requested available for inspection by the Nonparty, if requested.

10.3. Conditions of Production

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court unless otherwise required by the law or court order. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 12. INADVERTENT PRODUCTION

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13. MISCELLANEOUS**

13.1. <u>Right to Further Relief.</u>

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections.</u>

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3. <u>Filing Protected Material.</u>

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14. FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

(by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15. VIOLATION

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 16, 2024        /s/ Igor Fradkin
                              Igor Fradkin
                              Attorney for Plaintiff Andrea Howell

Dated: April 17, 2024        /s/ Lisa Henderson
                              Lisa Henderson
                              Attorney for Defendant
                              James River Insurance Company

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED AS MODIFIED.**

Dated: April 19, 2024              /s/
                              Hon. Jacqueline Chooljian
                              United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on April 19, 2024 in the case *Andrea Howell v. James River Ins. Co., et al.*, Case No. 2:23-cv-08122-JLS-JC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [address and phone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City, State Where Sworn & Signed: _____

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

- 18 -   2:23-cv-08122 RAO
STIPULATED PROTECTIVE ORDER